## Healy *v.* Wayne Title & Trust Company, Appellant.

*Mechanics' liens—Stipulation against liens—Subcontractor.*

On a scire facias sur mechanic's lien by a subcontractor, where it appears that a contract executed by the principal contractor, a corporation, and containing a sufficient stipulation against liens had been filed in the pro-thonotary's office, the subcontractor cannot be heard to allege that the clause against liens had been written into the contract by an agent of the company without authority from it, and that the copy of the contract had been

filed and the work proceeded with, in ignorance on the part of the company, of the insertion of the lien clause.

In such a case the plaintiff is impaled on one of two horns of a dilemma. If his materials were furnished to the building on the faith, and by virtue of the contract as written and filed with the prothonotary, he has no right of lien. If the principal contractor did not proceed with the work under the written contract, then no authority was given to the principal contractor to proceed at all, and no authority to bind the building by liens could be transmitted to the subcontractor. The principal contractor, by proceeding with the work either adopted the contract, with its interpolation, or else had no contract.

Argued Nov. 22, 1901. Appeal, No. 226, Oct. T., 1901, by defendant, from judgment of C. P. Delaware Co., Dec. T., 1899, No. 14, M. L. D., on verdict for plaintiff, in case of J. Allen Healy and John W. Healy, trading as J. Allen Healy & Brother, v. Wayne Title & Trust Company, Administrator c. t. a., etc., of Daniel F. Nichols, Owner or Reputed Owner, and the said Daniel F. Nichols and the United States Construction Company, Contractors. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Scire facias sur mechanic's lien.    Before JOHNSON, P. J.

The court charged as follows:

It is not disputed that the plaintiffs in this case, Healy & Brother, furnished this material, nor is it questioned the price is correct. There is no question but that they filed their lien within the statutory period. But it is also the law in Pennsylvania that where a contractor contracts with the owner to build a house, and in that contract stipulates in writing that no lien shall be filed and files that contract in the office of the prothonotary within ten days, then the subcontractor, which is Healy & Brother in this case, have no right of lien.

[The whole question in this case, as you will see, depends upon whether or not there was filed in the prothonotary's office, within ten days after the making of the contract, a valid contract ,containing this stipulation. The whole question turns upon that.

Now, it is admitted all around that when this contract was signed by the United States Construction Company that it did not have any stipulation as to lien, and if it had been filed in

the office of the prothonotary after it was signed and before it was changed, this plaintiff would undoubtedly have a valid lien and would have been entitled to your verdict.

But it appears that after it had been signed by the construction company in Philadelphia it was taken to Radnor, to Mr. Nichols's home, and there this stipulation was inserted.

Now, unless that stipulation was inserted by the authority of this United States Construction Company it is quite plain that it has no right there, and therefore to that extent it is not a valid contract.

So the first question you will take up is, did this construction company, this corporation, authorize the insertion of this stipulation? Not was there an understanding about it, but did this corporation, in its corporate capacity, authorize this stipulation or authorize some one to put it there? If it did not, then it is not properly there, and so far as that question is concerned the verdict should be for the plaintiff.] [1]

The testimony upon that question is not very clear. The testimony of Mr. Parry, who is one of the important witnesses, says that before the contract was signed in the city of Philadelphia, representing in part Mr. Nichols, the owner of the building, that he had a talk with the officers about this stipulation. Certain it is that it was not put in the contract, and it is a very persuasive argument and has a strong bearing upon the case—the fact that he did talk with these people before the contract was signed—and the fact that they left it out is a strong piece of evidence that the construction company did not intend to have it in there. Besides this it is denied by the officers of the construction company that any conversation took place relative to this clause.

The evidence will be for you—it is all for you; but the court calls your attention to the fact that before the paper was signed this witness says this stipulation was talked about, and it is a fact that it was left out.

[Did this corporation authorize, expressly authorize, some one to do it for them? Because it would have to go to that extent before they would have authority to put this clause in that contract.] [2]

[If you shall find that the company did not authorize, that the corporation did not authorize, the insertion of this clause

in the contract, then you will take up the next question: has this corporation ratified it? Because though the owner of this building had no right to insert it, still if it was inserted and signed and the corporation ratified it—accepted it—it would be a valid contract so far as the corporation is concerned.

Now the court feels that it is its duty to say to you that before this corporation could be bound by it that it must in some way or other have its attention called to it. Ratification by a corporation does not mean carrying the paper into the office and laying it on the desk, but the corporate officers having authority to bind the corporation must have their attention called to it. If you shall find from the evidence that this corporation did have their attention called to it and ratified it, then it is a valid contract. If you shall find, first, that there was authority given by this corporation to this gentleman—I have forgotten his name—who carried it to Wayne to insert this stipulation, then the defendant will be entitled to your verdict, providing you find that this contract was signed complete before any work was commenced upon that building. But if you shall find that there was not sufficient authority to insert this clause, and that there is not sufficient evidence to convince you of a ratification of it by the corporation, then the plaintiff is entitled to your verdict.] [3]

Verdict and judgment for plaintiff for $640.07. Defendant appealed.

*Errors assigned* were (1–3) above instructions, quoting them.

*V. Gilpin Robinson*, with him *Christopher Fallon*, for appellant.—The material man was bound by the contract as it was filed. There was no other contract between the parties. If we concede that the construction company was misled, it cannot be contended that the material man was. The contract was of record at the time the materials were furnished and contracted for. It was notice to the subcontractor, it was notice to the world, that Captain Nichols did not consent to subject his property to the power of the United States Construction Company to create a lien for materials furnished in the construction of the proposed building: Blaisdell v. Dean, 9 Pa. Superior Ct. 639; Schroeder v. Galland, 134 Pa. 277; Commonwealth Title,

etc., Co. v. Ellis, 192 Pa. 321; Pennock v. Hoover, 5 Rawle, 291; Mutual Benefit Life Ins. Co. v. Rowand, 26 N. J. Eq. 389; Brooks v. Lester, 36 Md. 70.

*L. L. Smith,* with him *J. Quincy Hunsicker,* for appellees.— The appellant argues that inasmuch as the contract was actually signed it became notice to all the world as a record. In this he is clearly mistaken. The act of 1895 must be complied with before it becomes notice: Heister v. Fortner, 2 Binney, 40; McKean & Ells Land Improvement Co. v. Mitchell, 35 Pa. 269.

OPINION BY WILLIAM W. PORTER, J., February 14, 1902:

This is an action upon a mechanic's lien filed by a subcontractor. When he furnished the materials to the building there was on file (under the provisions of the act of June 26, 1895) in the prothonotary's office, a written contract signed by the owner and the principal contractor (a corporation) which contained a sufficient stipulation forbidding the filing of liens. It is contended that the contract, as filed, was invalidated by reason of the facts that after execution by the principal contractor, the contract was sent to the owner, who required before signing, the insertion of the lien clause by the company's representative; that the contract was executed in duplicate,—one copy being retained by the company's representative and returned to the proper officer of the company, the other being sent by the owner to be filed with the prothonotary; that the company did not by a proper officer agree to the insertion of the lien clause; and that the copy of the contract was filed and the work proceeded with in ignorance, on the part of the company, of the insertion of the lien clause.

The plaintiff is impaled on one of two horns of a dilemma. If his materials were furnished to the building on the faith, and by virtue of, the contract as written and filed with the prothonotary, he has no right of lien. If the principal contractor did not proceed with the work under the written contract, then no authority was given to the principal contractor to proceed at all, and no authority to bind the building by liens could be transmitted to the subcontractor. The principal contractor, by proceeding with the work either adopted the contract, with its interpolation, or else had no contract. The case discloses no

authority from the owner to the principal contractor to proceed, except on the terms contained in, and by virtue of, the written contract. The plaintiff called but two witnesses, the president and the secretary of the company, contractor. Both admitted that the contract produced, filed, and executed in duplicate was the contract under which the building was erected. The court below should have granted the defendant's request for binding instructions.

The judgment is reversed.